Mr. Chief Justice Sharkey
delivered the opinion of the court.
The appellee filed this bill to enjoin the collection of the amount of a promissory note given to secure part of the price of a lot in the city of Jackson, purchased by appellee of Fin-ucane and Barnes. On this note the appellant had brought suit as indorsee. The same case was before this court on a former occasion by appeal taken by the present appellee from an order of the chancellor dissolving the injunction, and is fully reported in 5 Howard, 542. The judgment then given is final and con-’ elusive on all the matters adjudicated, and on all the points of law settled. We cannot re-adjudge what was then decided. But subsequent to that decision the complainant filed a supplemental and amended bill, and obtained another injunction, which appellant, McDonald, who was respondent, moved to dissolve, but his motion was not allowed, whereupon he has appealed ; and we are now to consider of the propriety of this decision of the chancellor, as made upon the amended bill. .
The only additional grounds taken in this bill are, first, that since the original bill was filed, Finucane, the vendor of the lot, has commenced a suit in chancery against the representatives of Caldwell and Dickson, to coerce title; by reference to the proceedings in which it appears that the title to an undivided half of the lot is still in the heirs of Dickson; and if there was ever a sale from Dickson to Caldwell, it was by parol, as Caldwell’s executors can find no written evidence of such sale, and that it is consequently apparent that Finucane has not and cannot procure a title to more than half of the lot. Second, that *142 Finucane is insolvent; and third, that before or about the time McDonald purchased the note, he called on complainant to know whether it was a good note, and was answered that it would be when Finucane and Barnes made a good title to the lot, about which there was a difficulty ; and that he therefore purchased the note with a knowledge of the defence that would be set up. McDonald alone answered this bill, and admits that Finucane commenced a suit as stated, but does not admit that the proceedings therein show the alleged defect of title, and calls for full proof by the record. He admits that Finucane has become insolvent since the original bill was filed. He admits that he had a conversation with Green about the time he was negotiating for the note, but denies that he was informed of any difficulty; on the contrary, he avers that he was then informed that it would be paid, and refers to his original answer for a full explanation of this conversation. He admits that in a conversation with Green in February, 18BS, he was informed that the note would not be paid,' in consequence of the defective title, but that this was the first intimation he had received to that effect. Does the state of case presented by the bill, the answer, and the proof, entitle the appellee to relief?
First, to take the questions as they are presented. The first inquiry is as to the effect of the allegation in regard to the defect of title, as shown by the proceedings in the suit in chancery instituted by Finucane. Assuming this statement to be true, it presents but a slight ground-for relief. Green was a purchaser with a notice of defective title. Finucane had purchased from Caldwell, who had purchased the interest of Dickson, his co-purchaser from the state. The allegation does not establish the fact positively that the contract between Caldwell and Dickson was by parol, but the ground of this charge is, that Caldwell’s executors can find no written evidence of such contract. The record office has not been searched: it may be that a deed, or a title bond, is on the record in the proper office. But admitting that the contract was by parol, Dickson’s representatives may be willing to convey, and if so, Green is in no worse condition than when he made the contract. The allega *143 tion is entirely silent as to any unwillingness on the part of Dickson’s heirs to convey. They may confess the contract and thus take.it out of the statute. No objection whatever is raised to the contract between Caldwell and Finucane. But this allegation is not sustained by proof. The proceeding in the chancery suit was proffered as an exhibit, but not filed. The allegation was not admitted by the answer, but proof called for by the record, which should have been made. It is undoubtedly incumbent on one who wishes to avoid a contract on the ground of a defective title, to show the defect, and to show it clearly. The title of Finucane, although now imperfect, may be perfected. The covenants in this case were holden to be independent, and if complainant can have any relief in equity, it certainly cannot be granted on anything short of a showing that he never can get a title, which he has failed to make.
Second. On the question of the insolvency of the vendor we express no opinion, as it is a question that cannot be brought fairly to bear until it has been clearly shown that no title can be had. Then, as the only remedy is on the covenants, the ability of the vendor to answer in damages might possibly be a subject of inquiry.
Third. It is also unnecessary that we should say anything on the third allegation. It is however not sustained by the proof, which establishes a conversation in February, 1838, when the note had been transferred to McDonald, at least as early as February, 1837. We do not think, then, that this amended bill can entitle the party to relief. The decree is therefore reversed and the injunction dissolved.